USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STARR INDEMNITY & LIABILITY CO. a/s/o The Gap, Inc.,

    Plaintiff,

- against -

EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.,

    Defendant.

---

No. 19-cv-03819-AT-SN

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

This Confidentiality Stipulation and Protective Order (the "Stipulation"), dated November 8, 2019, is made by and between Defendant Expeditors International of Washington, Inc. ("Expeditors") and Plaintiff Starr Indemnity & Liability Co. ("Starr," together with Expeditors, the "Parties," or each individually a "Party") a/s/o The Gap, Inc. ("The Gap").

**WHEREAS**, Expeditors and The Gap are parties to a Master Services Agreement executed on or about November 7, 2014 (the "MSA"), from which arise the events and transactions at issue in this proceeding;

**WHEREAS**, the Parties agree that the MSA contains information of a sensitive, proprietary and confidential nature that could cause irreparable competitive harm to Expeditors and The Gap if publicly known;

**WHEREAS**, in light of the nature of the claims and defenses asserted by the Parties in the above-captioned lawsuit (the "Litigation"), it is likely that discovery will result in disclosure of the MSA and related confidential documents of a competitively sensitive nature;

**WHEREAS**, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure, the Parties have agreed on the following procedures for controlling disclosure of any such information produced during discovery;

FG:53545717.1

NOW THEREFORE, in consideration for the terms and conditions herein, the Parties agree as follows:

1. This Stipulation shall govern the production and use of all documents (as that term is defined by Local Civil Rule 26.3(c)(2)), deposition testimony (including all transcription and video-taped recordings of testimony), deposition exhibits, answers to interrogatories and requests for admission, and other written, recorded or graphic discovery materials between the Parties in the Litigation ("Discovery Material"). A Party that produces Discovery Material is hereinafter referred to as a "Producing Party," and a Party that receives Discovery Material is hereinafter referred to as a "Receiving Party."

2. "Confidential Information" means any Discovery Material that the Producing Party designates as Confidential pursuant to this Stipulation, provided however that Confidential Information shall not include any Discovery Material or portions thereof which: (a) presently are or hereafter become available to the Receiving Party on a non-confidential basis from the Producing Party; or (b) the Producing Party acknowledges has become available to the public other than as a result of a disclosure by a Receiving Party in violation of this Stipulation, such acknowledgment not to be unreasonably withheld. At any time prior to trial in this Litigation, any Discovery Material inadvertently produced without a confidentiality designation, may subsequently be designated by the Producing Party as Confidential Information by so informing the Receiving Party, in writing.

3. The Receiving Party will afford confidential treatment to the Confidential Information, and will not disclose the Confidential Information to any other party, but may disclose such information to:

   a. its employees and the attorneys of record in this Litigation, upon their acknowledgment of receipt and acceptance of the terms of this Stipulation;

2

b.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

c.  any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed the declaration attached as <u>Exhibit A</u> (the "Acknowledgment") in accordance with paragraph 4;

d.  agents, consultants, and retained experts of the Receiving Party upon their acknowledgment of receipt and acceptance of the terms of this Stipulation, and who have executed the Acknowledgment in accordance with paragraph 4, and the employees of such agents and consultants;

e.  stenographers engaged to transcribe depositions conducted in this Litigation;

f.  persons necessary to comply with applicable law or the valid order of a court of competent jurisdiction; provided, however, that in the event of a disclosure compelled by law or court order, the Receiving Party will notify the Producing Party as promptly as practicable (if at all possible, prior to making such disclosure) and shall seek a protective order or confidential treatment of the Confidential Information; and

g.  the Court and its support personnel.

4.  Persons proposed under paragraph 3(c) or 3(d) shall be identified, in writing, to the Producing Party's counsel (2) business days in advance of any disclosure of Confidential Information to such person. If the Receiving Party proposes disclosure to a person under paragraph 3(c) or 3(d), such Receiving Party shall provide to the Producing Party, upon request, a copy of the Acknowledgment executed by such person. Under no circumstances shall any

person referenced in paragraph 3(c) or 3(d) be allowed to review any Confidential Information unless such person has executed a copy of the Acknowledgment.

5. The Receiving Party shall not use any Confidential Information for any purpose other than this Litigation.

6. The Receiving Party shall use its best efforts to prevent disclosure of Confidential Information to any unpermitted third party.

7. All Confidential Information furnished to a Receiving Party by a Producing Party shall remain in the sole possession and custody of the Receiving Party, and shall be destroyed or returned to the Producing Party within ten business days of the final disposition in this Litigation, along with any copies thereof. The Parties shall make reasonable efforts to ensure that all experts and consultants they have retained abide by this provision.

8. The Parties acknowledge that unauthorized disclosure of Confidential Information will cause irreparable harm to the Producing Party. If a Receiving Party breaches its obligations hereunder, the Producing Party shall be entitled to seek injunctive relief to protect its interests, in addition to all other rights and remedies available at law or equity.

9. If any Party seeks to file Confidential Information with the Court, or to file any portions of pleadings, motions, deposition transcripts or other papers that disclose or include Confidential Information, such Party shall request that the filing be made under seal in accordance with Judge Torres' or Judge Netburn's Individual Practices in Civil Cases. The Parties will use their reasonable efforts to minimize the filing of Discovery Material under seal.

10. Any Party who either objects to any designation of confidentiality, or who requests further limits on disclosure, may at any time prior to the trial in this Litigation serve upon counsel for the other Party a written notice stating with particularity the grounds of the objection or request. If the Parties cannot reach prompt agreement concerning the objection, and

the objecting Party may seek recourse from the Court by following the procedures set forth for raising discovery disputes in Judge Torres' or Judge Netburn's Individual Practices in Civil Cases. Notwithstanding any challenge to the designation of Discovery Material as "Confidential Information," all Discovery Material designated as such must be treated as such and as subject to this Stipulation until one of the following occurs: (a) the designating Party withdraws its confidentiality designation in writing; or (b) the Court decides the Discovery Material at issue is not appropriately designated as confidential.

11. Neither Party shall be obligated to challenge the propriety of a confidentiality designation. Failure to raise such a challenge shall not constitute an admission that any Discovery Material is in fact Confidential Information.

12. Nothing in this Stipulation shall prevent disclosure of Confidential Information beyond the terms of this Stipulation if the Producing Party consents to such disclosure, in writing, or if the Court orders such disclosure.

13. This Stipulation shall be construed in accordance with the laws of the State of New York, without giving effect to principles of conflict of laws.

14. This Stipulation is the complete and exclusive statement of the agreement among the Parties, and supersedes all prior written and oral communications and agreements, relating to the subject matter hereof.

15. In the event of invalidity of any provision of this Stipulation, the Parties agree that such invalidity shall not affect the validity of the remaining portions of this Stipulation, and further agree to substitute for the invalid provision a valid provision which most closely resembles the intent and economic effect of the invalid provision.

16. This Stipulation may be signed in counterparts and by facsimile.

17. This Stipulation shall survive conclusion of the Litigation.

18. The Court will retain jurisdiction over the terms and conditions of this Stipulation only for the pendency of the Litigation.

19. This Stipulation does not bind the Court or any of its personnel.

Dated: November 8, 2019

**NICOLETTI, HORNIG & SWEENEY**

_____
James Sweeney
Carole Rouffet
Wall Street Plaza, 88 Pine Street
New York, New York 10005

*Attorneys for Plaintiff Starr Indemnity & Liability Co. a/s/o The Gap, Inc.*

**FOSTER GARVEY, P.C.**

_____
Steven Block
Malcolm Seymour
Kelly Mennemeier
100 Wall Street, 20th Floor
New York, New York 10005

*Attorneys for Defendant Expeditors International of Washington, Inc.*

---

**SO ORDERED.**

November 12, 2019
New York, New York

_____
SARAH NETBURN
United States Magistrate Judge

# EXHIBIT A

## DECLARATION OF COMPLIANCE WITH CONFIDENTIALITY AGREEMENT

I, _____, declare as follows:

1. I have read and understand the contents of the *Confidentiality Stipulation and Protective Order,* dated November 8, 2019 (the "Stipulation") by and between Starr Indemnity & Liability Co., a/s/o The Gap, Inc., and Expeditors International of Washington, Inc.

2. I am executing this Declaration and agreeing to observe the conditions provided in the Stipulation prior to any disclosure to me of documents, things and/or any other information containing, in whole or in part, information governed by the Stipulation.

3. I expressly agree that: (a) I have read and shall be fully bound by the terms of the Stipulation; (b) all documents, things and information which are disclosed to me pursuant to the Stipulation shall be maintained in strict confidence, and I shall not disclose or use the original or any copy of, or the subject matter of any of the documents, things or the information they contain, except in accordance with the Stipulation; and (c) I shall not use any of the documents, things and/or any information governed by the Stipulation other than in connection with the Litigation (as defined in the Stipulation).

4. I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: _____     _____
                                                   Signature

FG:53545717.1