UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

STARR INDEMNITY & LIABILITY CO.,

                                **Plaintiff,**

-against-

EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC.,

                                **Defendant.**

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/2019

19-CV-3819 (AT)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiff moves the Court to impose Rule 37 sanctions against Defendant for failing to comply with several discovery requests, failing to produce a privilege log, and failing to identify responsive documents among its production. ECF No. 32. Defendant opposes the letter motion by arguing that it has complied with Plaintiff's discovery requests, and by suggesting that to the extent any issues remain, they are more properly resolved through the meet and confer process. ECF No. 34.

      "[C]ourts have wide discretion to sanction parties that fail to obey discovery orders," See Fed. R. Civ. P. 37(b)(2)(A). Rule 37 prescribes that sanctions be "just," such that "the severity of [the] sanction [is] commensurate with the noncompliance." Shcherbakovskiy v. Da Capo A1 Fine. Ltd., 490 F.3d 130, 140 (2d Cir. 2007). Several factors guide a court's exercise of discretion, including: (1) the willfulness of the noncompliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4) whether the noncompliant party was on notice of possible sanctions. See Farmer v. Hyde Your

Eyes Optical, Inc., 13-cv-6653 (GBD)(JLC), 2015 WL 2250592, at *7 (S.D.N.Y. May 13, 2015) (citing Antonmarchi v. Consol. Edison Co. of New York, 514 F. App'x 33, 35 (2d Cir. 2013)).

Here, Plaintiff has not provided compelling evidence that Defendant has been "noncompliant," with Plaintiff's discovery requests, or to the extent that it has, that such noncompliance was willful (*i.e.*, in violation of the Court's orders). Additionally, Plaintiff has not demonstrated that the Defendant's conduct is ongoing or results from bad faith, or that Defendant was "on notice" of possible sanctions. Moreover, the Court expressly contemplated the possibility of further discovery disputes and set a deadline of November 15, 2019, for Plaintiff to move to compel. Plaintiff did not file such motion and the time to do so has expired.

Accordingly, Plaintiff's motion for sanctions is DENIED. The parties are to comply with the deadlines set forth in the July 8, 2019 Case Management Plan and proceed with the deposition scheduled for December 4, 2019.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   November 21, 2019
         New York, New York